[Civ. No. 8073.  Third Dist.  Mar. 4, 1952.]

DAVID M. SCHAFFER et al., Appellants, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Alfred M. Miller for Appellants.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Deputy Attorneys General, for Respondents.

VAN DYKE, J.—The plaintiff appeals from a judgment for defendants entered after sustaining a demurrer to plaintiffs' complaint without leave to amend. The complaint alleges that plaintiffs were engaged in the business of selling tangible personal property at retail, possessing the required permit for the exercise of that privilege; that defendant State Board of Equalization, following the procedure outlined for that purpose in the Sales and Use Tax.Law (Rev. & Tax. Code, §§ 6451-6591), determined that between November 7, 1941, and August 31, 1945 plaintiffs became liable for additional sales taxes in a sum exceeding $5,000; that plaintiffs' petition for a redetermination was heard and, aside from some minor adjustment in the total amount due, was denied; that having exhausted their administrative remedy the plaintiffs paid to the board $100 upon account and thereupon filed a claim for refund thereof in accordance with the provisions of the act governing refunds; that their claim of refund was denied and that within the time limited by the act after notice of denial, they brought this action to recover the amount so paid upon the same grounds urged in their claim for refund.

The only contention advanced by respondents in the trial court was that the complaint stated no cause of action, and that is the only contention advanced by respondents here. The argument is that to permit the trial of the cause set forth in the complaint would result, if plaintiffs were successful, in an adjudication that not only was the $100 erroneously

and illegally assessed against plaintiffs, but also that the entire tax was likewise erroneously and illegally assessed; this is so, respondents say, because, as appears from the pleading, all of the transactions held by the board in its determination proceedings to have been taxable transactions theretofore unreported by plaintiffs, were the same kind, so that if one was not taxable none were taxable; the action, therefore, is one to prevent the collection of the taxes assessed, contrary to the provisions of section 6931 of the act, which reads as follows: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this State or against any officer of the State to prevent or enjoin the collection under this part of any tax or any amount of tax required to be collected." Respondents, in support of their position, rely upon the following cases: *Louis Eckert Brewing Co.* v. *Unemployment Reserves Com.,* 47 Cal.App.2d 844 [119 P.2d 227]; *Estate of Schneider,* 62 Cal.App.2d 463 [145 P.2d 90]; *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.,* 31 Cal.2d 720 [192 P.2d 916]; and *Casey* v. *Bonelli,* 93 Cal. App.2d 253 [208 P.2d 723]. Only the last of the cited cases was brought under the Sales and Use Tax Act provisions for recovery of taxes erroneously or illegally collected. However, all the cited cases hold in effect that the various actions with which the courts were in those cases concerned if permitted to be tried might result in judgments, and had for their purpose judgments, which inevitably would prevent the collection of taxes under statutes containing like provisions to those contained in section 6931, *supra.* All of the cited cases differ from the instant case in that in none of them had any part of the taxes involved been paid and the purpose of all of them was to obtain through the various devices adopted by the litigants adjudications of invalidity of the taxes involved without the payment of any part thereof. The researches of counsel and our own research have not disclosed a case where the principle declared in those decisions was sought to be applied where the sum to be recovered had been paid in to the proper governmental agency and a claim for refund had been denied before the suit was brought.

The provisions of the Sales and Use Tax Act do not expressly require that the whole tax must be paid before any claim for refund of any part can be made or before any action can be brought for such recovery after the denial of

the claim. The act contains no provision that payments on account cannot be made. And of course collection by the recovery of separate amounts at different times and the application of such amounts to the payment of the whole tax must often result if the taxpayer does not pay the tax and the provisions of the act for distraint and other forcible means of collection open to the agency are utilized. Neither does the act contain any provision that taxes thus forcibly collected cannot be the subject of a claim for refund, and suit for recovery thereof if refund be denied. We think that the decisions relied upon by respondents are not applicable here insofar as the right of plaintiffs to maintain this action for money paid is concerned. ▮ Respondents are asking the court to so construe the applicable legislative enactments as to declare that impliedly they do forbid an action for the recovery of partial payments after claim for refund made and denied, or, putting it another way, to so construe the statutes that they impliedly make payment of the full tax involved a condition precedent to the making of a claim for refund or to an action if the claim be denied. We think the court cannot do this. "In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted." (Code Civ. Proc., § 1858.) We think the plaintiffs having made a payment on account, that payment having been accepted, and the plaintiffs' claim for refund having been denied, the plaintiffs may bring an action to recover the amount so paid. ▮ It is true that in this case the prayer of the complaint asks for relief which would prevent the collection of the rest of the tax since the prayer is that the court by its judgment declare the whole tax to be invalid and issue its process to restrain the collection thereof. Such relief could not be granted. But the relief properly asked, that is ,the recovery of the sum paid, may be granted and if, as an indirect result, matters are adjudicated which would be res judicata as between the parties hereto in any other proceedings wherein the validity of the tax was put in issue, that fact presents no obstacle to the granting of the relief which is properly asked and which the statute declares may be given. But if the plaintiffs are able to establish that the taxes with which we are here concerned are invalid then we can have no great concern if

that determination actually results in the inability of respondent board to collect the invalid levy.

Respondents argue further that to permit this action to recover what it calls a mere token payment would also permit such an action to be brought to recover a few cents paid on account for the sole purpose of testing the validity of the tax in advance of payment. Respondents have not referred us to any provision which compels the board to accept installment payments.  ▉  In the absence of statutory provisions granting the right to make installment payments of taxes due the right does not exist. This is not to say the collector may not legally accept them. (51 Am.Jur. 840.) The remedy of the evil feared is in the hands of respondents.

As we said heretofore, the right of plaintiffs to maintain this action without having paid the whole of the tax appears from the record to have been the only issue of law tried out in the court below. It is also the only issue which is discussed on appeal. We think it improper, therefore, to discuss the factual sufficiency of the complaint, and this is particularly so, we think, since the factual pleading, though deemed insufficient in its present form, might be amended to state a cause of action if it does not do so now, a matter as to which we make no ruling, since it is clear that the case below turned wholly upon the matters herein presented and determined. The only fair disposition to make of the cause, in view of what we have hereinbefore said, is to reverse the judgment and to remand the same to the trial court for further proceedings. It is accordingly so ordered.

Adams, P. J., and Schottky, J. pro tem., concurred.