348 F.2d 9
 Stuart ARONOFF et al., Appellants,
v.
FRANCHISE TAX BOARD OF the STATE OF CALIFORNIA, State Board of Equalization, John W. Lynch, George E. Reilly, Paul R. Leake, Richard Nevins and Alan Cranston as members of the State Board of Equalization, Appellees.
 No. 19617.
 United States Court of Appeals Ninth Circuit.
 June 25, 1965.
 
 Thomas W. LeSage, Michael T. LeSage, Pasadena, Cal., for appellants.
 Thomas Lynch, Atty. Gen. of Cal., Dan Kauffmann, Asst. Atty. Gen. of Cal., Los Angeles, Cal., for appellee.
 Before BARNES and HAMLEY, Circuit Judges, and JAMESON, District Judge.
 BARNES, Circuit Judge:
 
 
 1
 This appeal arises from the district court dismissal of taxpayers' complaint which sought to restrain appellees from enforcing assessments in California personal income taxes for the years 1951, 1952, 1953 and 1954. The district court determined that it was compelled to dismiss the complaint pursuant to the mandate of 28 U.S.C. § 1341 (sometimes called the Johnston Act). This section states:
 
 
 2
 "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."
 
 
 3
 We find the district court properly invoked this provision to dismiss appellants' complaint.
 
 
 4
 The facts in this matter are undisputed. In 1955, the California Franchise Tax Board made an administrative determination that certain deductions taken by appellants in their tax returns for the years 1951 through 1954 should be disallowed. This decision was based upon former Revenue and Taxation Code Section 17359 (since renumbered Section 17297), disallowing deductions relating to certain designated illegal activities. This section provides:
 
 
 5
 "In computing taxable income, no deductions shall be allowed to any taxpayer on any of his gross income derived from illegal activities as defined in Chapters 9, 10 or 10.5 of Title 9 of Part 1 of the Penal Code of California; nor shall any deductions be allowed to any taxpayer on any of his gross income derived from any other activities which tend to promote or to further, or are connected or associated with, such illegal activities."
 
 
 6
 Appellants entered a formal protest with the Franchise Tax Board challenging the proposed assessments. Upon denial of this protest, appellants exercised their right to an administrative appeal to the State Board of Equalization. This appeal also resulted in a decision adverse to the taxpayers. Appellants then proceeded to petition the State Supreme Court for an extraordinary writ enjoining the collection of the assessments on the ground that the Revenue and Taxation Code section authorizing the disallowance of deductions related to illegal activities violated the Federal Constitution. The California Supreme Court rejected appellants' prayer for extraordinary relief, invoking the prohibitions against restraining orders contained in both the Personal Income Tax Law (Rev. & Tax.Code § 19081) and the State Constitution (Sec. 15, art. XIII). Aronoff v. Franchise Tax Board, 60 Cal.2d 177, 32 Cal.Rptr. 1, 383 P.2d 409 (1963). In declining to grant the requested injunctive relief, the State Supreme Court held that appellants' pending petition for rehearing before the Equalization Board necessitated a finding that their prayer for judicial relief was premature. The Court noted, however, that the taxpayers' proper course of action upon exhaustion of all administrative remedies was to pay the assessments and then initiate a refund action in a trial de novo in the state courts. The Court expressly stated that this refund procedure in no way infringed upon the rights of the taxpayers under the Federal Constitution. 60 Cal.2d at 179, 32 Cal.Rptr. 1, 383 P.2d 409. Taxpayers' subsequent appeal to the United States Supreme Court was dismissed for want of a substantial federal question.
 
 
 7
 We find it necessary to consider only one of the number of alternative grounds urged by appellee for affirming the district court order of dismissal. The district court founded its dismissal on 28 U.S.C. § 1341 and, as indicated above, we find that reliance on that statutory provision was proper. It has consistently been held, without a single instance of deviation, that the refund action provided by California Personal Income Tax Law is a "plain, speedy and efficient remedy" such as to invoke the restraints of 28 U.S.C. § 1341. The Supreme Court opinion in Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932), was the first of a long series of cases to illumine the need, implicitly recognized in § 1341, for state independence in state fiscal matters. That case, just as the case at bar, involved an attempt to invoke the equitable jurisdiction of the federal courts to restrain collection of tax assessments despite the presence of a state procedure for refund suits. In reaching the conclusion that federal equity jurisdiction should not intrude into state fiscal matters where plain, adequate and complete remedies were available at law, the Court articulated its oft-quoted philosophy as follows:
 
 
 8
 "The reason for this guiding principle is of peculiar force in cases where the suit, like the present one, is brought to enjoin the collection of a state tax in courts of a different, though paramount, sovereignty. The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved, Jud.Code § 237 (28 U.S.C.A. § 344), or to his suit at law in the federal courts if the essential elements of federal jurisdiction are present." 284 U.S. at 525-526, 52 S.Ct. at 219-220.
 
 
 9
 The uniform adherence to the philosophy expressed by the Supreme Court in Matthews v. Rodgers leads us to conclude that the district court correctly dismissed appellants' complaint.
 
 
 10
 The case of Schaffer v. State Bd. of Equalization, 109 Cal.App.2d 574, 241 P. 2d 46 (1952), cited by both parties at oral argument, in fact refutes the very proposition which appellant seeks to advance. In that case, the taxpayer was permitted to indirectly enjoin the collection of a portion of a Sales and Use Tax assessment but only because his suit was a refund claim for the tax installment already paid. The court stated:
 
 
 11
 "We think the plaintiffs having made a payment on account, that payment having been accepted, and the plaintiffs' claim for refund having been denied, the plaintiffs may bring an action to recover the amount so paid. * * * [T]he relief properly asked, that is, the recovery of the sum paid, may be granted and if, as an indirect result, matters are adjudicated which would be res judicata as between the parties hereto in any other proceedings wherein the validity of the tax was put in issue, that fact presents no obstacle to the granting of the relief which is properly asked and which the statute declares may be given." 109 Cal.App.2d at 577, 241 P.2d at 48.
 
 
 12
 This case, therefore, does not authorize the injunctive relief requested by appellants.
 
 
 13
 The order of the district court is affirmed.