**INDEPENDENT BAPTIST CHURCH OF RED BANK and Macon Road Baptist Church of Memphis et al.**

v.

**STATE OF TENNESSEE et al.**

**No. CIV-1-78-194.**

United States District Court, E. D. Tennessee, S. D.

Nov. 21, 1978.

James L. Henry, Jr., Spears, Moore, Rebman & Williams, Chattanooga, Tenn., Gibbs & Craze, Cleveland, Ohio, John B. Phillips, Jr., Stophel, Caldwell & Heggie, Chattanooga, Tenn., for plaintiffs.

Donald S. Caulkins, Deputy Atty. Gen., Nashville, Tenn., John C. Cook, Asst. U. S. Atty., Chattanooga, Tenn., for defendants.

FRANK W. WILSON, District Judge.

## MEMORANDUM

This is an action for declaratory and injunctive relief regarding the plaintiffs' obligation to pay an unemployment compensation tax under the Federal Unemployment Tax Act, 26 U.S.C. § 3309(b)(1)(A) and the Tennessee Employment Security Law, Tenn.Code Ann. § 50–1301, et seq. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1346, and 2201. The cause of action arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the Constitution.

This case originally came before the Court upon September 7, 1978, when the defendants, Tennessee Department of Employment Security and the Commission of Employment Security, made a motion to dismiss. On October 3, 1978, the plaintiffs made a motion for a preliminary injunction. A hearing was held on the motion and on October 11, 1978 this Court entered an order requiring the parties to show cause why the case should not be dismissed under the Anti-Injunction Statute, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201, as construed in the case of *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1976). The parties have responded to the Court's order.

■ The Court is of the opinion that the prohibitions of the Anti-Injunction Statute and the Declaratory Judgment Statute against federal courts granting injunctive or declaratory relief in matters of federal tax assessment do not apply in this case. The tax sought to be imposed on the plaintiffs is a state tax albeit that assessment of the tax is mandatory on states wishing to participate in the Federal Unemployment Tax Plan. For the reasons stated in this memorandum, however, it is the Court's opinion that the plaintiffs' suit should be dismissed.

The Federal Unemployment Tax Act is a comprehensive plan for unemployment compensation allowing for state and federal participation in its administration. Section 3301 of the Act imposes a federal unemployment tax, but Section 3302 of the Act permits tax credits against the federal tax to employers who have paid money into federally approved state unemployment tax funds. In order for a state to participate in the federal plan, it must meet certain requirements set out under Sections 3303 through 3304. While the present plaintiffs are exempted from the Federal Unemployment Tax by Section 3306(c)(8), Sections 3304(a)(6) and 3309 require participating states to tax certain charitable organizations exempted from the federal tax. However, subsection (b) of Section 3309 provides that state unemployment taxes shall not apply to services performed

"(1) in the employ of (A) a church or convention or association of churches, or (B) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches."

In April of 1978 the Secretary of Labor, charged with administering FUTA, was called upon to determine whether church-related schools were exempted from state

unemployment tax under Section 3309(b)(1). The Secretary's opinion, announced in a letter of April 18, 1978, addressed to the Most Reverend Thomas C. Kelly, General Secretary of United States Catholic Conference, declared

"The repeal by Congress of the exclusion, in section 3309(b)(3) of the Federal Unemployment Tax Act, of employees of elementary and secondary schools was clearly intended to result in State coverage of church-related schools, whose employees constitute over 80% of the employees of all non-profit schools. In light of the repeal of 3309(b)(3), we think the only services performed in the schools that may reasonably be considered within the scope of the exclusion permitted by 3309(b)(1) are those strictly church duties performed by church employees pursuant to their religious responsibilities within the school." (Letter to Rev. Thomas C. Kelly, O. P., Ex. to Court File #3)

The Secretary's opinion resulted in a directive, issued to all state employment agencies participating in the federal unemployment program requiring state agencies to assess unemployment compensation taxes against church-related schools. (Directive-Unemployment Insurance Program Letter #39–78, Ex. to Court File #3)

The State of Tennessee, in order to continue its participation in FUTA, proposes to collect an unemployment tax from the plaintiffs, administrators of elementary and secondary parochial schools, for the benefit of parochial teachers employed by the plaintiffs. The state statute under which Tennessee seeks to assess this tax is designed specifically to comply with federal requirements for participating states. Tenn.Code Ann. § 50–1302 and § 50–1358. Further, Section 50–1309(1)(D)(i) and (ii) of the Tennessee Employment Security Law is identical to Section 3309(b)(1)(A) and (B) of the Federal Unemployment Tax Act.

The plaintiffs take issue with the Secretary of Labor's interpretation of 26 U.S.C. § 3309 and its application to them through Tenn.Code Ann. § 50–1309. The plaintiffs contend that any action by Tennessee to collect unemployment compensation taxes against them would violate their First Amendment right to free exercise of religion. The plaintiffs seek both a declaration of their rights with respect to both defendants and an order enjoining a tax assessment by the State of Tennessee.

 It has long been federal policy to deny injunctive relief in cases where the party seeking the injunction is attempting to prevent the collection of a state or federal tax. This policy is embodied in the Anti-Injunction Statute, 26 U.S.C. § 7421(a), which prohibits enjoining collection of a federal tax, and the Tax Injunction Act, 28 U.S.C. § 1341, which prohibits enjoining collection of a state tax. More specifically, the Tax Injunction Act provides:

"The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The jurisdiction of this Court to grant injunctive relief against the assessment of a State tax is therefore limited to those situations in which there is no adequate state remedy. *Ford Motor Credit Co. v. Louisiana Tax Commissioner*, 440 F.2d 675 (5th Cir. 1971). This limitation on the Court's jurisdiction is not altered by the fact that a plaintiff's claim rests upon an allegation of civil rights violations, *e. g. King v. Sloane*, 545 F.2d 7 (6th Cir. 1976); *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972), or upon an allegation of unconstitutional state action. *E. g., Gray v. Morgan*, 371 F.2d 172 (7th Cir.) *cert. den.* 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1976); *see Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 393, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943).

The plaintiffs have available a state remedy. Under Tennessee law the plaintiffs may sue "in any court in the county of the taxpayers residence or in the county of the location of the defendant having jurisdiction of the amount and parties," Tenn.Code Ann. § 67–2306, for refund of any unemployment tax illegally assessed and paid under protest. Tenn.Code Ann. § 50–1329G, provides:

"*Payment Under Protest.* Any employer who deems himself not liable for the contributions herein required shall pay the same under protest to the commissioner, and thereupon shall file suit within thirty (30) days against the commissioner to recover same. In such cases, the provisions of sections 67–2303 [through] 67–2312, shall be applicable to the procedure, except as herein otherwise provided. Any recovery in favor of such contributor shall be paid as provided for other refunds herein."

Under Section 67–2303 when an officer ". . . charged by law with the collection of revenue due the State shall institute any proceeding, or take any steps for the collection for the sum alleged or claimed to be due, by said officer, from any citizen, the person against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, against any statute or clause of the constitution of the State, pay the same under protest."

A claim for refund may be heard in chancery or circuit court, *Tidwell v. Goodyear Tire & Rubber Co.*, 520 S.W.2d 721 (Tenn. S.Ct.1975), and is thus appealable through the state process through the state supreme court and thereafter, if constitutional issues are involved, to the United States Supreme Court. While the statute permits a refund, recovery of interest is not available. Tenn. Code Ann. § 50–1329 G & F. However, costs are paid by the State, Tenn.Code Ann. § 67–2307, except for a $10.00 fee for services by the attorney general, Tenn.Code Ann. § 67–2309. This procedure is the exclusive remedy for parties testing the legality or correctness of a tax assessment, Tenn.Code Ann. § 67–2310. No writs in equity are available to hinder the process of collection, Tenn.Code Ann. § 67–2311.

■ The plaintiffs contend that payment of the tax is contrary to their strongly held religious beliefs. Therefore they contend that the state remedy is inadequate because it forces them to violate their beliefs and extorts from them an unconstitutional act in order to litigate the constitutionality of their claims. There are no cases dealing directly with the situation in which a plaintiff seeking to enjoin a state tax alleges that the tax violates religious freedom. However, as noted previously, an allegation that an act is unconstitutional does not alone lift the limitation placed on federal court jurisdiction by 28 U.S.C. § 1341. *Gray v. Morgan, supra ; see Great Lakes Dredge & Dock Co. v. Huffman, supra.* The situation of the plaintiffs, in the present case, does not appear substantially different from the situation of any other individual contending that a tax is unconstitutional. The state procedure may require that the individual pay the tax in order to litigate the validity of his claim. If the tax is unconstitutional he has paid in violation of his constitutional right. However, this state procedure does not make the state remedy inadequate. *Aluminum Co. of America v. Department of the Treasury of the State of Michigan,* 522 F.2d 1120, 1126 (6th Cir. 1975); *Aronoff v. Franchise Tax Board of the State of California,* 348 F.2d 9 (9th Cir. 1965).

■ Further, the Court would note that the state remedy "need not be the best remedy available or even equal to or better than the remedy which might be available in federal court." *Mandell v. Hutchinson,* 494 F.2d 364 (9th Cir. 1974). The state remedy is sufficient if it provides an adequate, speedy, and efficient method of litigating the plaintiff's constitutional claims.

■ It is the opinion of this Court that Tenn.Code Ann. § 50–1329G, together with the procedures under Tenn.Code Ann. §§ 67–2303 through 67–2312 provide the plaintiffs an adequate, speedy, and efficient method for determining whether the State's unemployment tax has been assessed in violation of their constitutional rights. Therefore, this Court is without jurisdiction to grant the plaintiffs' request for injunctive relief.

■ The plaintiffs also seek a declaratory judgment as to their rights under Tenn.Code Ann. § 50–1309(1)(D)(i) and (ii) and 26 U.S.C. § 3309(b)(1)(A) and (B). The

Tax Injunction Act and the Declaratory Judgment Act do not specifically preclude a declaratory judgment where questions of state tax assessment are involved. However, the availability of declaratory relief is a matter of court discretion. *Great Lakes Dredge & Dock Co. v. Huffman, supra.*

Practically speaking, the policy behind refusing to grant an injunction in a tax assessment case is undermined when the Court declares the rights of the parties. In *Great Lakes Dredge & Dock Co. v. Huffman, supra,* the Supreme Court stated:

"The considerations which persuaded federal courts of equity not to grant relief against an allegedly unlawful state tax, and which led to the enactment of the Act of August 21, 1937, [28 U.S.C. § 1341], are persuasive that relief by way of declaratory judgment may likewise be withheld in the sound discretion of the court. With due regard for these considerations, it is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. In such a suit he may assert his federal rights and secure a review of them by this Court. This affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state's administration of its taxes." 319 U.S. 293 at 300–301, 63 S.Ct. at 1074, 87 L.Ed. 1407 at 1412.

The plaintiffs in this case have available a state procedure in which they may, after payment of the tax, assert all constitutional claims concerning the legality of the State's assessment. Therefore, it is the opinion of this Court that a declaratory judgment on the plaintiffs' rights under the state and federal statutes would be inappropriate. *E. g. Aluminum Co. of America v. Department of the Treasury of the State of Michigan,* 522 F.2d 1120 (6th Cir. 1975).

Accordingly, the plaintiffs' action will be dismissed.