[Civ. No. 45907. First Dist., Div. One. Oct. 18, 1979.]

SNOOZIE SHAVINGS, INC., Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION et al.,
Defendants and Respondents.

**COUNSEL**

Frederick L. Hilger, Sr., for Plaintiff and Appellant.

George Deukmejian, Attorney General, Ernest P. Goodman, Assistant Attorney General, and Gary A. Larson, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**NEWSOM, J.—** ▪▪ The instant appeal presents the single question of whether the appellant-taxpayer has the right to maintain an action for a refund without having first made full payment of the tax liability. The trial court answered the question negatively, sustaining respondent State Board of Equalization's demurrer without leave to amend.

The factual background shows that appellant, a California corporation with principal offices in Crescent City, California, incurred a use tax liability in the amount of $28,342.08 plus interest for certain personal property purchased outside the state but committed to use in interstate

commerce, and since used both within and without the State of California.

Appellant protested the tax and sought redeterminations before the Board of Equalization. Thereafter, appellant made partial payment of the taxes, making two payments of $250 each, and eventually arriving at a compromise agreement to pay, under protest, the total tax liability in monthly installments of $1,000. The instant action was filed during the pendency of the installment agreement after a claim for refund was made for amounts actually paid.

Respondent's position is that the exclusive remedy available to the taxpayer under such circumstances is to first pay the entire tax claim, then seek judicial review of the legality of the assessment through a suit for refund, citing in that connection numerous case authorities, California Constitution article XIII, section 32, and Revenue and Taxation Code section 6931 as prohibiting use of the legal or equitable process to prevent or enjoin the assessment or collection of a tax, and precluding judicial review of tax liability before payment. (Cf. *Flora* v. *United States* (1960) 362 U.S. 145 [4 L.Ed.2d 623, 80 S. Ct. 630]; *Bull* v. *United States* (1930) 295 U.S. 247 [79 L.Ed.2d 1421, 55 S.Ct. 695].)

Respondent also argues in principle that its position must be sustained because, in its own words, "otherwise, it would theoretically be possible for a taxpayer to contest a $100,000 liability by paying $100, to file a claim for refund, to have the claim denied and then sue for the refund." (*Springer* v. *United States* (1880) 102 U.S. 586 [26 L.Ed.2d 253]; *Shermann* v. *Quinn* (1948) 31 Cal.2d 661 [192 P.2d 17].)

While the above argument may have great force in another context, it is not dispositive of the issue before us, where the taxing authority has voluntarily agreed to accept payment on an installment method.

At least one appellate decision in this state has squarely held that, in the absence of any statutory prohibition, a taxpayer may sue for a refund of taxes paid on account which represent only a part of the total amount claimed. (*Schaffer* v. *State Board of Equalization* (1952) 109 Cal.App.2d 574 [241 P.2d 46].) In that case, which seems essentially identical to the one at bar, a sales tax assessment in excess of $5,000 was levied against plaintiffs, who, after exhausting their administrative remedies and making a $100 payment "on account," brought suit to recover the amount

paid. All of the arguments advanced by respondent in the present action were made and rejected by the court, which held that the action could be maintained because no provisions of law expressly forbade it, and because, while plaintiffs had no *right* to make partial rather than total payment, the tax authority had freely chosen to accept such payment on account. We see no significance in the distinction here that appellant's claim, unlike that of the plaintiff in *Schaffer,* has not actually been *denied,* except by operation of law. ■ We agree with appellant's view that, while Revenue and Taxation Code sections 6933 and 6934 do provide for different statutes of limitation, "no special right to sue [is] created by section 6933 that is not also present in section 6934. Only the times within which that right may be asserted are different." Here, although appellant was not forced to bring an action when it did, it clearly was not prohibited by Revenue and Taxation Code section 6934 from considering the board's failure to act within six months as a denial. (Cf. *Honeywell, Inc.* v. *State Bd. of Equalization* (1975) 48 Cal.App.3d 897, 906 [122 Cal.Rptr. 237].)

■ Respondent's argument that appellant "is attempting to determine the validity of a very large tax assessment by partial payment" is best answered by the following statement from *Schaffer:* "It is true that in this case the prayer of the complaint asks for relief which would prevent the collection of the rest of the tax since the prayer is that the court by its judgment declare the whole tax to be invalid and issue its process to restrain the collection thereof. Such relief could not be granted. But the relief properly asked, that is, the recovery of the sum paid, may be granted and if, as an indirect result, matters are adjudicated which would be res judicata as between the parties hereto in any other proceedings wherein the validity of the tax was put in issue, that fact presents no obstacle to the granting of the relief which is properly asked and which the statute declares may be given. But if the plaintiffs are able to establish that the taxes with which we are here concerned are invalid then we can have no great concern if that determination actually results in the inability of respondent board to collect the invalid levy." (109 Cal.App.2d at pp. 577-578.)

We conceive that there may be sound equitable and practical reasons which make it expedient for the taxing authority to accept a plan of installment payments. If, during the course of the installment collections, the government's position is proved incorrect, our concern at its inability to collect the invalid levy is no greater than that of the court in *Schaffer.*

*Faix, Ltd.* v. *County of Los Angeles* (1976) 54 Cal.App.3d 992 [127 Cal.Rptr. 182], cited by respondent involved questions regarding property taxes. The court there, after distinguishing the *Schaffer* decision, held that a taxpayer could not sue for a refund of the first installment of taxes due without first paying the second, past due installment because such a course of action was forbidden by statute.

The judgment is reversed.

Elkington, Acting P. J., and Grodin, J., concurred.

A petition for a rehearing was denied November 16, 1979, and the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied December 13, 1979. Newman, J., was of the opinion that the petition should be granted.