[Sac. No. 7440.   In Bank.   July 18, 1963.]

STUART ARONOFF et al., Petitioners, v. FRANCHISE TAX BOARD et al., Respondents.

LeSage & Bowman and Thomas W. LeSage for Petitioners.

Stanley Mosk, Attorney General, Dan Kaufmann, Assistant Attorney General, and Ernest P. Goodman, Deputy Attorney General, for Respondents.

McCOMB, J.—Petitioners seek a writ of prohibition restraining respondents from taking any further steps to collect taxes assessed against them.

*Facts*: The taxes in question relate to assessments by the Franchise Tax Board of additional personal income taxes based on the disallowance of deductions claimed by petitioners on their California personal income tax returns. The disallowance of the deductions was based on former section 17359 of the Revenue and Taxation Code (now numbered § 17297), prohibiting the allowance of deductions to a taxpayer of any of his gross income from certain designated illegal activities.

Petitioners appealed the assessments of the Franchise Tax Board to the State Board of Equalization. The State Board of Equalization on September 20, 1962, rendered a decision upholding the validity of the assessments. Petitioners have filed petitions for a rehearing with the State Board of Equalization with respect to such decision, but the petitions have not yet been acted upon by the board.

Respondents' contention that a writ of prohibition is not available to petitioners is correct for these reasons:

First: *The issuance of a writ of prohibition to restrain the collection of personal income taxes under the facts in the instant case is barred by statutory and constitutional provisions in this state.*

Section 19081 of the Revenue and Taxation Code, so far as here relevant, provides: "No injunction or writ of mandate

or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this State or against any officer of this State to prevent or enjoin the assessment or collection of any tax under this part. . . ."

Article XIII, section 15, of the California Constitution provides: ". . . No injunction or writ of mandate or other legal or equitable process shall ever issue in any suit, action or proceeding in any court against this State, or any officer thereof, to prevent or enjoin the collection of any tax levied under the provisions of this article; but after payment thereof action may be maintained to recover, with interest, in such manner as may be provided by law, any tax claimed to have been illegally collected."

This court in *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.*, 31 Cal.2d 720 [192 P.2d 916], had occasion to consider section 45.11, subdivision (d), of the Unemployment Insurance Act, which section is similar to the statutory provision above quoted. The court held the constitutional bar contained in article XIII, section 15, to be inapplicable, but nevertheless denied a writ of mandate and upheld the validity of the statutory provision there involved against claims that the taxpayer was being deprived of constitutional rights, stating at page 725 [4a] : "Implicit in the contention that the statute is unconstitutional is the assumption that the petitioner has some constitutional right which can be protected only by mandamus. The petitioner relies strongly on *Laisne* v. *State Board of Optometry*, 19 Cal.2d 831 [123 P.2d 457]. That case held that under the due process clauses of the federal and California Constitutions, and under the doctrine of separation of powers in our Constitution, the petitioner was entitled to a type of review of administrative activity which, under our practice, mandate alone could provide. But in the present case it is clear that depriving the petitioner of the remedy of mandate would not deprive him of due process of law, and no other constitutional right under which he might claim this particular form of relief has been suggested. *The due process clause does not guarantee the right to judicial review of tax liability before payment.* The power of a state to provide the remedy of suit to recover alleged overpayments as the exclusive means of judicial review of tax proceedings has long been unquestioned. [Citations.]" (Italics added.) (See also *Louis Eckert Brewing Co.* v. *Unemployment Reserves Com.*, 47 Cal.App.2d

844, 846 [1] [119 P.2d 227]; *Estate of Schneider,* 62 Cal. App.2d 463, 465 [3] [145 P.2d 90]; *Casey* v. *Bonelli,* 93 Cal.App.2d 253, 254 [1] [208 P.2d 723].)

The taxes involved in the present proceeding are income taxes levied under article XIII, section 11, of the Constitution. Hence both the statutory bar contained in section 19081 of the Revenue and Taxation Code and the constitutional bar contained in article XIII, section 15, operate to prohibit issuance of the writ prayed for.

Petitioners contend, relying on authorities in other jurisdictions, that there is an exception to the above rule applicable to the facts in the present case, because of the great financial hardship involved. However, this argument is devoid of merit, because in *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com., supra,* we held contrary to their argument, saying at page 732: "The petitioner's allegation that payment of the claims asserted against it will render it insolvent is one which could be made against any tax and can have no relevancy in a situation where this court, by express legislative provision, is prohibited from interfering in advance of payment of the tax. The argument that compliance with the statute may cause hardship in some instances is one which can be addressed only to the Legislature."[1]

■ Second: *Petitioners have failed to exhaust their administrative remedies.*

Section 19082 of the Revenue and Taxation Code provides that after payment of the tax and denial by the Franchise Tax Board of a claim for refund, a taxpayer claiming that the assessment against him was void, in whole or in part, may bring an action for recovery of all, or part, of the amount paid.

In the instant case petitioners have not paid their taxes or filed claims for refund. Accordingly, they have failed to exhaust their administrative remedies before the Franchise Tax Board and are precluded from any court proceeding to test the validity of the tax.

■ Moreover, at the time the petition for a writ of prohibition was filed, the 30-day period for petitioning the State

---

[1]It is interesting to note that in the present case the assessments for 1951 with respect to over half of the petitioners were for less than $100 each and that such amounts could have been paid as early as 1955, after which petitioners could have vindicated their rights in the courts. Since the operations of all petitioners here involved were identical, a test case as to one of the petitioners would have determined the validity of the assessments against all of them.

Board of Equalization for a rehearing was still open. All the taxpayers have petitioned the State Board of Equalization for a rehearing either concurrently with, or subsequent to, the filing of the present petition for a writ of prohibition, but the board has not yet acted on the request for a rehearing. It is thus apparent that even the administrative remedies before the State Board of Equalization have not been fully exhausted by petitioners.

In *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], a writ of mandate and temporary restraining order against the payment of unemployment benefits under the Unemployment Insurance Act had been issued by the District Court of Appeal. It was there held, at page 291 [5], that the courts of the state are not available to a taxpayer prior to the exhaustion of administrative remedies before the administrative tribunals responsible for the administration of the tax and that the defect of failure to exhaust such remedies is jurisdictional.

In the instant case, petitioners' failure to exhaust their administrative remedies constitutes a jurisdictional barrier to obtaining relief from the courts.

██ Third: *A writ of prohibition is limited to a restraint of a threatened exercise of judicial power in excess of the jurisdiction of a tribunal, corporation, board, or person exercising judicial functions.*

Section 1102 of the Code of Civil Procedure expressly limits the availability of the writ of prohibition to arrest the exercise of judicial functions in excess of jurisdiction.[2]

In *Whitten* v. *California State Board of Optometry,* 8 Cal.2d 444, 445 [1] [65 P.2d 1296, 115 A.L.R. 1], this court, in discharging a writ of prohibition to restrain the revocation of a license by the State Board of Optometry, specifically held that the writ of prohibition is limited to the restraint of a threatened exercise of the judicial power in excess of jurisdiction and is not available to stay actions by an administrative agency unless the agency is exercising judicial powers conferred by the California Constitution.

The court pointed out that its prior decision in *Standard Oil Co.* v. *State Board of Equalization,* 6 Cal.2d 557 [59

---

[2]Section 1102 of the Code of Civil Procedure reads: ''The writ of prohibition arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person.''

P.2d 119], was controlling. That case established, at page 565 [4], that no judicial power has been, or could constitutionally be, conferred upon the State Board of Equalization.

The same restriction applies to the Franchise Tax Board. Accordingly, the writ of prohibition is not available to petitioners herein to restrain the action of either the State Board of Equalization or the Franchise Tax Board.

In view of our conclusions, it is unnecessary to discuss other questions raised by counsel.

The order to show cause heretofore issued is discharged, and the application for a writ of prohibition is denied.

Gibson, C. J., Schauer, J., Peters, J., Tobriner, J., and White, J.,* concurred.

Petitioners' application for a rehearing was denied August 14, 1963.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.