[No. B038266. Second Dist., Div. Four. June 5, 1991.]

PHILIPS AND OBER ELECTRIC CO., Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

**COUNSEL**

Clyde R. Maxwell for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Edmond B. Mamer and Philip C. Griffin, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**WOODS (A. M.), P. J.**—On August 11, 1981, respondent State Board of Equalization (Board) issued a notice of redetermination to appellant Philips

and Ober Electric Co. (Philips) assessing an underpayment of tax and interest in the amount of $19,144.87. Philips paid this amount and then filed a claim for refund for the entire amount. The Board denied the claim for refund. Thereafter, appellant filed a "Complaint for Refund of Sales and/or Use Taxes" in superior court. This appeal is taken from a judgment of the superior court which dismissed for lack of jurisdiction. The court determined that it could not grant appellant the relief it sought due to the fact that appellant had failed to exhaust all administrative remedies before seeking judicial relief. After review, we affirm.

Pursuant to a purchase order dated September 11, 1972, appellant contracted with Fischbach & Moore (Fischbach) to furnish certain material, equipment, and technical services for an "isolated type electrical power system" within a hospital being constructed by the Veterans' Administration in San Francisco, California. The system was to include a nurse call system, an intercommunication system, a fire alarm system, a master television system, and a radio and entertainment program system. The written contract provided that "material only shall be subject to 5½ % sales tax." Appellant paid the sales tax in 1974, 1975, and the first part of 1976.

Fischbach subsequently determined that the system was not permanently attached to the realty but was considered to be "machinery and equipment" and, therefore, not subject to sales tax under California Code of Regulations, title 18, section 1615 (formerly Cal. Admin. Notice Register 71, No. 45).[1] In July 1976, Fischbach gave appellant a resale certificate in which it certified that the "Electrical Materials" purchased from appellant would be resold. At Fischbach's request, appellant refunded the amounts which had been assessed as tax pursuant to the written contract. Appellant then claimed a corresponding credit in the sum of $16,000 on its sales and use tax return for the quarter of July through September 1976.[2] Appellant did not, however, file a claim for refund.

---

[1]California Code of Regulations, title 18, section 1615 states in part:

"[Either the sales tax or the use tax] does not apply to sales of 'machinery and equipment' to contractors or subcontractors. As used herein, the term 'machinery and equipment' means property to which each of the following conditions apply:

". . . . . . . . . . . . . . . . . . . . .

"3. It is installed for the purpose of performing a manufacturing operation or some other function not essential to the structure itself.

"4. Title to the property passes to the United States before the contractor makes any use of it."

[2]The copy of the quarterly return which has been included in the record on appeal is illegible. The reporter's transcript indicates that certain facts, including this one, were stipulated to in the trial court. However, the parties have not provided this court with any record of stipulated facts.

In August 1981, respondent audited appellant and determined appellant should repay the tax for which it had claimed a deduction. The Board found that appellant was the consumer of the fixtures and materials which it furnished and installed for Fischbach and could not avoid liability by accepting a resale certificate. The Board also found that appellant "merely delivered the electrical supplies F.O.B. jobsite and did not install the property" thereby causing appellant to be the retailer of the property. Finally, the Board found that appellant's "self-help method of offsetting did not meet the requirements set out in Revenue and Taxation Code [section] 6904 for making a claim for refund."[3] Appellant paid the tax, together with interest and penalties, and then filed a claim for refund of the entire amount.

Appellant has admitted that it failed to file a timely claim as required by section 6902 of the Revenue and Taxation Code.[4] Appellant takes the position that it was not required to file for a refund under section 6902 because it properly claimed a deduction for the overpayment of the tax pursuant to Revenue and Taxation Code section 6012[5] and corresponding California Code of Regulations, title 18, section 1701.[6]

There are two issues to be decided in this case: (1) does section 6012 of the Revenue and Taxation Code apply to the transaction involving appellant and Fischbach, and (2) if it does apply, did appellant comply with the requirements for a tax deduction set forth in California Code of Regulations, title 18, section 1701.

---

[3]Section 6904 of the Revenue and Taxation Code states: "Every claim shall be in writing and shall state the specific grounds upon which the claim is founded."

[4]Section 6902(a) of the Revenue and Taxation Code states in part: "(a) For taxpayers filing returns on other than an annual basis, except as provided in subdivision (b) no refund shall be approved by the board after three years from the last day of the month following the close of quarterly period for which the overpayment was made . . . ."

[5]Section 6012, subdivision (a)(1) of the Revenue and Taxation Code states in part: "The cost of the property sold. However, in accordance with such rules and regulations as the board may prescribe, a deduction may be taken if the retailer has purchased property for some other purpose than resale, has reimbursed his or her vendor for tax which the vendor is required to pay to the state or has paid the use tax with respect to the property, and has resold the property prior to making any use of the property other than retention, demonstration, or display while holding it for sale in the regular course of business."

[6]California Code of Regulations, title 18, section 1701 states in part:

"(a) Procedure in General. A retailer who resells tangible personal property before making any use thereof . . . may take a deduction of the purchase price of the property if, with respect to its purchase, he has reimbursed his vendor for the sales tax or has paid the use tax. If such deduction is taken by the retailer, no refund or credit will be allowed to his vendor with respect to the sale of the property.

"The deduction under the caption 'Tax-paid purchases resold' must be taken on the retailer's return in which his sale of the property is included. If the deduction is not taken in the proper quarter, a claim for refund of a tax must be filed."

 Section 6012, subdivision (a)(1) of the Revenue and Taxation Code allows for certain deductions to be taken by the retailer if he has reimbursed his vendor for tax which the vendor was required to pay to the state. It also allows the retailer to take a deduction if he has paid the use tax with respect to the property for his vendor.

As the trial court correctly pointed out, section 6012 of Revenue and Taxation Code does not apply here because there is simply no way that Fischbach could be considered the appellant's vendor in the transaction in question. Fischbach was the prime contractor, the appellant the subcontractor; therefore, it cannot be argued that Fischbach sold any property, either personal or real, to appellant. Appellant makes no attempt in its opening brief to explain how Fischbach could possibly be considered its vendor, nor do we think it could successfully do so.

Even if we were to accept that section 6012 of Revenue and Taxation Code and California Code of Regulations, title 18, section 1701 applied in this case, we would still have to conclude that appellant failed to comply with the requirements for taking a deduction under section 1701. Appellant claims that the actual sale of the "material and equipment" to Fischbach occurred in 1976, a full three years after it was originally delivered to the jobsite in 1973. According to appellant, it was not until July 21, 1976, when Fischbach issued the resale certificate, that the actual purchase was made.

There is no merit to this argument. Section 6006, subdivision (a) of the Revenue and Taxation Code defines sales as follows: "Any transfer of title or possession, exchange, or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration."

Philips admits that when it originally delivered the "machinery and equipment" to the jobsite in 1973, it was reimbursed by Fischbach for the cost of the equipment along with the appropriate sales tax,[7] and in addition passed to Fischbach conditional title to the equipment. Therefore, the sale of the "machinery and equipment" in question occurred in 1973, not in 1976 as appellant contends. Appellant points out that when it received the resale certificate from Fischbach, it promptly deducted the amount of the refund from its third quarter 1976 tax return pursuant to section 1701. Under section

---

[7]Appellant goes to great lengths in its reply brief to distinguish the tax paid in this case as a use tax and not a sales tax. We find this argument at best ironic, in that appellant, throughout its opening brief, refers to the tax in question as a sales tax. Nevertheless, our conclusion regarding the inapplicability of Revenue and Taxation Code section 6012 and California Code of Regulations, title 18, section 1701 applies whether the tax in question is labeled a use or a sales tax.

1701 the time for Philips to take a deduction for the sales tax paid on this equipment was the quarter within which the sale occurred in 1973.

■ Because Philips failed to comply with the requirements for taking a deduction under California Code of Regulations, title 18, section 1701 it could only seek reimbursement for the sales tax it allegedly overpaid by filing for a refund. As respondent correctly points out, courts in this state have been extremely reluctant to grant a taxpayer a refund unless he has first complied with all appropriate administrative remedies. (*Aronoff* v. *Franchise Tax Board* (1963) 60 Cal.2d 177 [32 Cal.Rptr. 1, 383 P.2d 409]; see also *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715].) "[T]he courts of the state are not available to a taxpayer prior to the exhaustion of administrative remedies before the administrative tribunals responsible for the administration of the tax and . . . the defect of failure to exhaust such remedies is jurisdictional. . . . [¶] [P]etitioners' failure to exhaust their administrative remedies constitutes a jurisdictional barrier to obtain relief from the courts." (*Aronoff* v. *Franchise Tax Board*, *supra*, 60 Cal.2d at 181.)

In the instant case, appellant was required under section 6902 of the Revenue and Taxation Code to apply for a tax refund within three years of the time of the sale of goods for which the tax was mistakenly paid. Appellant readily admits it failed to follow the proper refund procedures as stated in section 6902, having filed for a refund well after the three-year limitation. We, therefore, affirm the trial court's conclusion that it lacked jurisdiction to order the Board to refund to the appellant any overpaid taxes due to appellant's failure to exhaust all of its administrative remedies.

The judgment is affirmed.

George, J., and Goertzen, J., concurred.