[No. C020897. Third Dist. May 8, 1996.]

THOMAS NAST, Plaintiff and Appellant. v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

COUNSEL

Thomas Nast, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Lawrence K. Keethe and Michael J. Cornez, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**NICHOLSON, J.**—Thomas Nast objected to certain tax assessments. The Franchise Tax Board (FTB) rejected those objections. The State Board of Equalization (SBE) agreed with FTB. Nast asked SBE to reconsider. It declined. Nast, having paid the taxes in question during pendency of the SBE proceedings, missed the 90-day statutory deadline to file a tax refund action. Seeking to avoid that failure, Nast filed this petition for a writ of mandate (Code Civ. Proc., § 1094.5) directing SBE to reverse itself and to

order FTB to issue the refunds. SBE demurred and asserted Nast's exclusive remedy is a suit for a tax refund. The Sacramento Superior Court sustained the demurrer without leave to amend and entered judgment of dismissal.

On appeal, Nast contends SBE's demurrer was erroneously sustained because he was entitled to an order "directing [SBE] to support its decision with appropriate findings based upon evidence properly received." We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On his 1983 and 1984 federal and state income tax returns, Nast, an attorney, claimed certain "federal tax benefits" related to his acquisition of a solar power module unit. Several years later, Nast reached an agreement with the Internal Revenue Service in which he "gave back" those "benefits." He filed that agreement with FTB. Later, FTB issued notices of proposed assessments of additional tax for 1983 and 1984. Nast apparently protested the proposed assessments and, after FTB denied the protest, he filed an appeal to SBE. While that appeal was pending, Nast paid the tax in dispute.

In July 1994, SBE held a hearing on Nast's appeal. Thereafter, it denied the appeal, stating: "This is to inform you that on the above date, at the conclusion of its calendar of hearings, [SBE] considered the above-entitled appeal, concluded that [FTB's] notice of proposed assessment was not barred by the statute of limitations and that [you] did not demonstrate error in [FTB's] proposed assessment for the appeal years, and, therefore, ordered that the action of [FTB] in denying the claims for refund be sustained." Nast filed a petition for rehearing which SBE denied.

In December 1994, Nast filed this writ petition which requested that SBE be ordered to (1) set aside its ruling on his appeal, (2) grant his petition for rehearing, (3) make findings that FTB's notices of proposed assessments are barred by the statute of limitations, or, in the alternative, that he had not invested in an abusive tax shelter, and (4) order FTB to refund $7,036 plus statutory interest.

SBE demurred to the petition on the ground Nast's exclusive remedy was an action for refund pursuant to Revenue and Taxation Code section 19382.[1] The trial court sustained the demurrer without leave to amend, stating

---

[1] Revenue and Taxation Code section 19382 provides: "Except as provided in Section 19385, after payment of the tax and denial by the Franchise Tax Board of a claim for refund, any taxpayer claiming the tax computed and assessed is void in whole or in part may bring an action, upon the grounds set forth in that claim for refund, against the Franchise Tax Board for the recovery of the whole or any part of the amount paid."

defendant had an adequate remedy at law via a refund action and that the writ was expressly prohibited. Judgment of dismissal was entered, and this appeal followed.

## DISCUSSION

Nast contends FTB offered *no* evidence at the hearing before SBE; in the alternative, FTB offered hearsay to which he objected. In either event, SBE had before it no evidence which could support a determination in favor of FTB. Nevertheless, Nast claims, SBE ruled in favor of FTB because SBE failed to make findings bridging the gap between the evidence, or lack thereof, and its conclusion. Nast thus contends he is entitled to a writ of mandate "directing [SBE] *to support its decision with appropriate findings based upon evidence properly received.*" ██ We are not persuaded.[2]

██ The California Constitution provides: "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." (Cal. Const., art. XIII, § 32.) This provision is implemented in Revenue and Taxation Code sections 19381 and 19382. Section 19381 provides in relevant part: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this state or against any officer of this state to prevent or enjoin the assessment or collection of any tax under this part . . . ." Section 19382 provides that a taxpayer who disputes the computation or assessment of a tax may bring an action against FTB for its recovery. (See fn. 1, *ante.*)

In *Aronoff* v. *Franchise Tax Board* (1963) 60 Cal.2d 177 [32 Cal.Rptr. 1, 383 P.2d 409], the petitioner sought a writ of prohibition restraining FTB from taking any further steps to collect taxes assessed against them. The court held issuance of the writ was barred by constitution and by statute.

---

[2] A demurrer challenges only the legal sufficiency of the complaint, not the truth of its factual allegations or plaintiff's ability to prove those allegations. (*Yue* v. *City of Auburn* (1992) 3 Cal.App.4th 751, 756 [4 Cal.Rptr.2d 653]; *Berry* v. *State of California* (1992) 2 Cal.App.4th 688, 691 [3 Cal.Rptr.2d 382].) In order to overturn the demurrers sustained by the trial court, a plaintiff must overcome all legal grounds on which the trial court sustained the demurrers. (*Cantu* v. *Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880 [6 Cal.Rptr.2d 151].) A demurrer should not be sustained without leave to amend if the complaint states a cause of action under any theory or if there is a reasonable possibility the defect can be cured by amendment. It may be sustained without leave to amend if the facts are not in dispute, and the nature of the plaintiff's claim is clear but, under substantive law, no liability exists. (*Seidler* v. *Municipal Court* (1993) 12 Cal.App.4th 1229, 1233 [16 Cal.Rptr.2d 90].)

(See then Cal. Const., art. XIII, § 15; then Rev. & Tax. Code, § 19081.) *Aronoff* held these bars did not violate due process, explaining: " 'Implicit in the contention that the statute is unconstitutional is the assumption that the petitioner has some constitutional right which can be protected only by mandamus. The petitioner relies strongly on *Laisne* v. *State Board of Optometry*, 19 Cal.2d 831 . . . . That case held that under the due process clauses of the federal and California Constitutions, and under the doctrine of separation of powers in our Constitution, the petitioner was entitled to a type of review of administrative activity which, under our practice, mandate alone could provide. But in the present case it is clear that depriving the petitioner of the remedy of mandate would not deprive him of due process of law, and no other constitutional right under which he might claim this particular form of relief has been suggested. The due process clause does not guarantee the right to judicial review of tax liability before payment. *The power of a state to provide the remedy of suit to recover alleged overpayments as the exclusive means of judicial review of tax proceedings has long been unquestioned.* [Citations.]' " (*Aronoff, supra*, at pp. 179-180, quoting *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.* (1948) 31 Cal.2d 720, 725 [192 P.2d 916], italics added, original italics omitted; see *People* ex rel. *Franchise Tax Bd.* v. *Superior Court* (1985) 164 Cal.App.3d 526, 545-546 [210 Cal.Rptr. 695]; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 110, p. 746; cf. Code Civ. Proc., § 1086 [writ must issue "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law"].)[3]

Because the remedy at law is deemed to be adequate, courts have refused to order mandamus relief even though the taxpayer's underlying claim is found to have merit. In *Sherman* v. *Quinn* (1948) 31 Cal.2d 661 [192 P.2d 17], the taxpayers sought a writ of mandate to compel a county assessor to assess to them property being purchased under a conditional sales contract so they could claim the veterans exemption. After determining the taxpayers were correct in claiming the exemption, the court nevertheless affirmed the trial court's sustaining of the assessor's demurrer on the ground the writ was not the proper remedy. Because an action to recover the disputed tax was an adequate remedy, mandamus was not available. (Pp. 663-665.)

Nast contends a refund action is not an adequate remedy in this case for several reasons. First, he claims a refund action "does nothing to correct what [SBE] did and failed to do." Thus, it does not compel SBE to decide his

---

[3]To the extent *Lackner* v. *St. Joseph Convalescent Hospital, Inc.* (1980) 106 Cal.App.3d 542 [165 Cal.Rptr. 198] and *C. V. C.* v. *Superior Court* (1973) 29 Cal.App.3d 909 [106 Cal.Rptr. 123] suggest that, contrary to *Aronoff*, a refund action provides insufficient due process protection, we decline to follow them. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

appeal based on admissible evidence or force the agency to make findings of fact. However, a refund action obviates the need for this sort of "correction" of an SBE determination because the taxpayer's contention is heard de novo in superior court.[4] (Cf. *Alta-Dena Dairy* v. *County of San Diego* (1969) 271 Cal.App.2d 66, 77 [76 Cal.Rptr. 510] [" 'Where, as here, the order of an administrative officer adversely affects a valuable and existing property right, . . . the fundamental principles of due process come into play. Somewhere along the line appellant is entitled to meet its adversary on equal footing in a full and fair hearing, before an impartial tribunal, with the full and complete right to present evidence and cross-examine witnesses [citation]. *Unless such right is available to appellant by a trial de novo in the superior court*, the very regulation under which respondent . . . acted would violate due process and thus be unconstitutional.' " (Italics added)]; accord, *Guardianship of Gridley* (1973) 32 Cal.App.3d 1053, 1060-1061 [108 Cal.Rptr. 200].)

Second, Nast contends if a refund action is the taxpayer's exclusive remedy, "FTB could refuse to abide by" any ruling by SBE in favor of a taxpayer. Moreover, "[a]bsent review by mandamus, [SBE] is completely free to conduct hearings . . . in total disregard of California Code of Regulations Section 5034 et seq." Absent factual support for these conjectures, we are compelled to reject them. (Evid. Code, § 664.)

Third, Nast contends he has no adequate remedy because the statute of limitations on a refund action has expired. Pursuant to Revenue and Taxation Code section 19384, a refund action had to be commenced within 90 days following SBE's denial of Nast's petition for rehearing on October 5, 1994. However, this does not mean the remedy of a refund action is inadequate; it simply means Nast failed to timely pursue it.

Nast contends his failure to timely file a refund action should be excused because SBE failed to advise him of that procedural step in a manner similar to FTB's advisement of the previous step, the appeal to SBE. He offers no authority for this point which we deem to be without merit. (*Atchley* v. *City of Fresno* (1984) 151 Cal.App.3d 635, 647 [199 Cal.Rptr. 72].)

The trial court properly sustained SBE's demurrer to Nast's petition without leave to amend. (*Seidler* v. *Municipal Court, supra,* 12 Cal.App.4th at p. 1233.)

---

[4]Nast's argument that findings of fact should be required of SBE as a matter of policy, in order to assist taxpayers in deciding whether to pursue further remedies and in order to shorten trials de novo by means of collateral estoppel, is best directed to the Legislature. (See, e.g., *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788]; *Williams* v. *County of San Joaquin* (1990) 225 Cal.App.3d 1326, 1334 [275 Cal.Rptr. 302].)

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Sparks, J., concurred.