Filed 5/18/15  Galluzzi v. San Diego Unified Port Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| GIANNI GALLUZZI, | D066579 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00003637-CU-WM-CTL) |
| SAN DIEGO UNIFIED PORT DISTRICT, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Gianni Galluzzi, in pro. per., for Plaintiff and Appellant.

Thomas A. Russell and Simon M. Kann for Defendant and Respondent.

Gianni Galluzzi appeals a judgment after the trial court sustained the demurrer of San Diego Unified Port District, acting as the San Diego Harbor Police (District), to his petition for writ of administrative mandamus and writ of mandamus arising out of District's alleged wrongful removal and storage of his sailboat.  On appeal, Galluzzi contends the trial court erred by sustaining District's demurrer to his petition because: (1)

District wrongfully issued a notice of storage to him; (2) District should be required to pay him for damage to his sailboat; and (3) District's hearing officer erred by denying his claims at a poststorage hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Galluzzi is the owner of a sailboat named "Ugly Pete." On July 29, 2013, he obtained an anchorage permit for his sailboat from District, allowing him to anchor it in a designated area of San Diego Bay for up to 90 days in a one-year period. On October 27, his 90-day permit expired, but his sailboat remained anchored thereafter in San Diego Bay.

On November 1, District apparently posted a warning on the sailboat for illegal anchoring. On November 12, District had the sailboat removed (i.e., towed) from the designated area and stored, and issued Galluzzi a notice of stored vessel (notice of storage). The notice of storage cited the authority for District's removal and storage of his sailboat (i.e., San Diego Unified Port District Code (Code), § 4.38(i)(6)). On December 30, District hearing officer Eric Womack issued a decision after conducting a poststorage hearing, finding District lawfully impounded and stored the sailboat based on its regulations on anchoring permits. He further found Galluzzi's inability to move his sailboat because of personal health and financial reasons did not preclude District from lawfully removing and storing it. He rejected Galluzzi's request that District pay for damage to his sailboat that occurred while anchored and/or stored. He concluded District was not responsible for any storage or towing fees.

2

Galluzzi filed the instant petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) and writ of mandamus (Code Civ. Proc., § 1085), challenging District's notice of storage, its poststorage administrative hearing decision, and its denial of his request for damages.  District demurred to the petition, arguing: (1) its notice of storage and denial of claim for damages were not proper subjects for a writ petition under Code of Civil Procedure sections 1094.5 and 1085; and (2) its poststorage administrative hearing decision was proper based on the petition's factual allegations.  The trial court sustained the demurrer without leave to amend and entered a judgment dismissing the petition with prejudice.  Galluzzi filed a notice of appeal.

DISCUSSION

I

*Standard of Review*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations.  [Citation.]  Courts must also consider judicially noticed matters.  [Citation.]  In addition, we give the complaint a reasonable interpretation, and read it in context.  [Citation.]  If the trial court has sustained the demurrer, we determine whether the complaint states facts sufficient to state a cause of action.  If the court sustained the demurrer without leave to amend, . . . we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has

3

occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

II

*Notice of Storage*

Galluzzi contends the trial court erred by sustaining District's demurrer to his petition because District wrongfully issued a notice of storage to him. However, as District argues, its action in issuing a notice of storage to Galluzzi was not an action that can be reviewed by means of a petition for a writ of either administrative mandamus (Code Civ. Proc., § 1094.5) or ordinary mandamus (Code Civ. Proc., § 1085). A Code of Civil Procedure section 1094.5 writ of administrative mandamus "inquir[es] into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." (Code Civ. Proc., § 1094.5, subd. (a).) Because the record, including Galluzzi's petition allegations, shows no administrative evidentiary hearing was held by District before issuing the notice of storage to Galluzzi, a Code of Civil Procedure section 1094.5 petition for writ of administrative mandamus is not an available procedure for him to challenge District's action of notifying him of the removal and storage of his sailboat.

Likewise, a Code of Civil Procedure section 1085 writ of ordinary mandamus is not an available procedure to challenge District's notice of storage. A Code of Civil Procedure section 1085 writ "may be issued by any court . . . to compel the performance

4

of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ."  (Code Civ. Proc., § 1085, subd. (a).)  In challenging District's notice of storage, which simply notified Galluzzi of its removal and storage of his sailboat and the reason therefor, Galluzzi does not seek to compel performance of any ministerial act by District, but rather challenges an act already performed by District.  (Cf. *Khan v. Los Angeles City Employees' Retirement System* (2010) 187 Cal.App.4th 98, 105.)  Code of Civil Procedure section 1085 does not provide Galluzzi with a procedure by which he may challenge District's issuance of the notice of storage.  Therefore, the allegations in Galluzzi's petition do not state a cause of action under either Code of Civil Procedure section 1094.5 or section 1085 based on District's notice of storage.

III

*Damage to Sailboat*

Galluzzi contends the trial court erred by sustaining District's demurrer to his petition for writ of mandamus because it should be required to pay him for damage to his sailboat.  However, writ relief generally requires proof that the remedy at law be inadequate.  (*Nast v. State Bd. of Equalization* (1996) 46 Cal.App.4th 343, 347-348 [regarding § 1094.5]; *Flores v. California Dept. of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205-206 [regarding § 1085].)  Code of Civil Procedure section 1086 provides: "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. . . ."  Based on the record in this case, Galluzzi has not shown he does not have an adequate remedy at law (e.g., tort

5

action for damages) to obtain relief for the alleged damage to his sailboat.[1]  Accordingly, his petition for writ relief does not state a cause of action to obtain an award of damages against District for damage to his sailboat.

IV

*Poststorage Administrative Hearing Decision*

Galluzzi contends the trial court erred by sustaining District's demurrer to his writ petition because its hearing officer erred by denying his claims at the poststorage administrative hearing.

A

On November 25, 2013, District mailed a notice of storage to Galluzzi, notifying him that his sailboat was removed from its anchorage in San Diego Bay and was being stored at Marine Group Boatworks in Chula Vista.  The notice expressly cited Code section 4.38(i)(6) as the authority for such removal and storage.  The notice of storage informed Galluzzi that he was entitled to a poststorage hearing to contest District's action.

On December 30, District hearing officer Womack issued a decision after conducting a poststorage administrative hearing, finding District lawfully impounded and stored the sailboat based on its regulations for anchoring permits, and that Galluzzi's inability to move his sailboat because of personal health and financial reasons did not

---

1     Furthermore, as District asserts, Galluzzi has not shown he satisfied the Government Claims Act's (Gov. Code, §§ 810 et seq.) requirements before filing the instant petition seeking damages against it.  (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 37 ["Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."].)

preclude District from lawfully removing and storing it. He denied Galluzzi's request that District pay for damage to his sailboat that occurred while anchored and/or stored and concluded District was not responsible for any storage or towing fees. Galluzzi then filed the instant petition, challenging the hearing officer's decision.

B

Code section 4.38 sets forth regulations for the anchorage of vessels in the navigable waters of San Diego Bay. It requires an owner of a vessel to obtain an anchoring permit from District before anchoring a vessel in certain areas of San Diego Bay. (Code, § 4.38(c)(1).) No person shall allow a vessel to remain anchored in those areas after the expiration of that anchoring permit. (Code, § 4.38(c)(2).) For anchoring in the "A-9" area, permits will be issued for a 30-day period with a maximum anchorage of 90 days within a 365-day period. (Code, § 4.38(h)(4)(b), (c).)

Importantly, for purposes of this case, Code section 4.38(i)(6) provides: "Any vessel anchored in violation of any provision of this Section is subject to removal and storage, by any Harbor Police Officer, pursuant to Section 8.25(a) of this Code. The registered and/or legal owner of the vessel may be liable for all costs related to the removal and storage of the vessel." Code section 8.25(a)(1) authorizes any District harbor police officer to remove and impound any vessel found in violation of the Code. The owner may secure release of the vessel after proving ownership and paying District the costs and expenses for removal, impound, and storage. (Code, § 8.25(a)(3).)

7

C

Although we presume Galluzzi's petition may seek review of District's poststorage hearing decision as an administrative hearing decision subject to Code of Civil Procedure section 1094.5 writ review,[2] the allegations in his petition nevertheless show the trial court properly concluded he did not state a cause of action for such relief. Alternatively stated, assuming the factual allegations of his petition are true, those allegations do not show District erred by upholding the validity of its removal and storage of the sailboat. His petition asserted his sailboat was anchored in San Diego Bay and its District anchorage permit had expired before it was towed and stored. Based on the provisions of District's Code quoted above, District was authorized to remove, store, and impound any vessel anchored in San Diego Bay in violation of the Code. (Code, §§ 4.38(i)(6), 8.25(a).) One violation is allowing a vessel to remain anchored after the expiration of its anchoring permit. (Code, § 4.38(c)(2).) Accordingly, Galluzzi's petition did not allege facts showing District did not have authority to remove, store, and impound his sailboat or otherwise improperly acted in so doing. His petition's assertion that he was suffering from personal health and financial problems at the time of the sailboat's removal and storage does not state a cause of action for wrongful removal and storage because those factors are not mentioned in the Code and are therefore irrelevant to District's enforcement of the Code. Furthermore, Galluzzi has not cited any authority showing

_____

[2]    Galluzzi does not appear to argue, nor could he successfully argue, District's administrative hearing decision can properly be challenged under Code of Civil Procedure section 1085 rather than section 1094.5.

those problems are sufficient to preclude District from removing and storing a vessel with an expired anchorage permit.

Galluzzi wrongly argues District erred by removing and storing his sailboat on the ground it was a wreck and/or abandoned vessel pursuant to Harbor and Navigation Code sections 522 and 526.[3] The notice of storage does *not* state that ground for removal and storage of Galluzzi's sailboat. On the contrary, it expressly cites Code section 4.38(i)(6) as the ground for its removal and storage (i.e., violation of Code by continuing to anchor his sailboat after expiration of his anchorage permit), and that is the ground on which District's hearing officer upheld such removal and storage.

Because the allegations in Galluzzi's petition show he did not state a cause of action for writ relief under either Code of Civil Procedure section 1094.5 or section 1085, the trial court correctly sustained District's demurrer to his petition. Galluzzi has not carried his burden on appeal to persuade us otherwise, and he does not show how he could amend his petition to state a cause of action. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.)

_____

[3] Harbor and Navigations Code section 522 generally provides that any wreck or parts of a vessel allowed to remain in an unseaworthy or dilapidated condition on publicly owned submerged lands or tidelands for more than 30 days is abandoned property; the public entity may take title to that abandoned property, remove it at least 15 days after notifying the registered owner thereof, and then cause it to be sold, destroyed or otherwise disposed of. Harbor and Navigations Code section 526 generally provides any wrecked or abandoned property (e.g., vessel) removed from a navigable waterway may be sold or otherwise disposed of by the public agency pursuant to certain procedures, including the opportunity for a poststorage hearing before the public agency.

DISPOSITION

The judgment is affirmed.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.