Filed 3/17/16 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**THIRD APPELLATE DISTRICT**

**(Calaveras)**

----

| | |
|---|---|
| JON VIRGIL ELLIS, | C078705 |
| Plaintiff and Appellant, | (Super. Ct. No. 14CV39961) |
| v. | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| COUNTY OF CALAVERAS et al., | |
| Defendants and Respondents. | [NO CHANGE IN JUDGMENT] |


THE COURT:

It is ordered that the published opinion filed herein on February 25, 2016, be modified as follows: In the first and second sentences of the paragraph that appears at 2016 Cal.App. Lexis 145 at pages *15 and *16, insert the new text (underscored here for identification purposes only) as follows:

> Here, Ellis did not file his application challenging the 2010 base year value and seeking a refund until 2012; thus, he would not be entitled to a <u>reduction in the assessment for purposes of a</u> refund of the taxes paid in 2010 or 2011. Therefore, he has failed to state a cause of action for refund of his taxes <u>for those years</u>. To the extent his petition and complaint could be interpreted to contain a cause of action for a refund of taxes, the trial court properly sustained the demurrer as to that cause of action. And, to the

1

extent he desires an order from the trial court or this court directing such a refund, he is not entitled to such relief as a matter of law. Nor is he entitled to a reduction of his regular assessment in 2012, even if he correctly challenges the 2010 base year value, because there had been two interceding assessments of the partially completed construction in the meantime, neither of which was challenged in Ellis's appeal to the AAB. Therefore, because he is barred, as a matter of law, from obtaining the relief he sought, the trial court did not err in sustaining the demurrer to Ellis's petition and complaint."

This modification does not effect a change in the judgment. Appellant's petition for rehearing is denied.

BY THE COURT:

_____BUTZ_____, Acting P. J.

_____MAURO_____, J.

_____HOCH_____, J.

2

Filed 2/25/16 (unmodified version)

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**THIRD APPELLATE DISTRICT**

**(Calaveras)**

**----**

| | |
|---|---|
| JON VIRGIL ELLIS, | C078705 |
| Plaintiff and Appellant, | (Super. Ct. No. 14CV39961) |
| v. | |
| COUNTY OF CALAVERAS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Calaveras County, Grant V. Barrett, Judge. Affirmed.

Law Office of Alan D. Hamilton and Alan D. Hamilton for Plaintiff and Appellant.

David E. Sirias, Assistant County Counsel, and Julie Moss-Lewis, Deputy County Counsel, for Defendants and Respondents.

Plaintiff and appellant Jon Virgil Ellis appeals from a judgment of dismissal following the trial court's order sustaining the demurrer of County of Calaveras (the County), the Assessment Appeals Board for the County of Calaveras (the AAB), the

1

Assessor for the County of Calaveras (the assessor), and the Auditor-Controller for the County of Calaveras (the auditor-controller) to Ellis's petition and complaint relating to property taxes assessed against his real property. We will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ellis owned real property in Calaveras County on which he was constructing a large detached garage. In 2009, he was assessed property taxes based on an appraised value of the garage set by the assessor at $140,000 (90 percent of the estimated total cost of construction of $156,800). Ellis sought a reduction of the assessment from the AAB. Following an evidentiary hearing in July 2010, the AAB reduced the value of the garage to $117,600, based on a finding that construction was only 75 percent complete. In February 2011, Ellis contested that finding by seeking writ relief from the trial court, but the parties reached a settlement before the trial court ruled on the merits.[1]

The parties' settlement agreement, dated July 2011, provided that "the assessed value of the [garage] for property tax purposes for the 2009 lien date [was] $25,000" and that the structure was "75 [percent] complete as of the 2009 lien date." The settlement also required the AAB to rescind its findings of fact, to issue new findings of fact consistent with the settlement agreement, to authorize the assessor to correct the tax roll, and to authorize the auditor-controller to issue a tax refund to Ellis. The AAB's new findings stated that "[f]or the 2009 lien date only, the valuation [of the incomplete construction] for the 2009 Tax Roll shall be $25,000. Such [construction] shall be deemed 75 [percent] complete as of the 2009 lien date . . . ."

---

[1] In preparing the record for the writ proceedings, it was discovered that the tape recorder used at the AAB hearing malfunctioned. In the absence of any record of the proceedings, the County offered Ellis the choice between a new AAB hearing and a settlement agreement regarding the 2009 tax valuation.

In 2010, Ellis was assessed property taxes based on the partially constructed garage having a " 'base year value' " in 2010 of $117, 600. In light of this assessment, in December 2011, after he had received a property tax assessment as of the 2011 lien date, Ellis moved in the trial court writ proceedings mentioned above for enforcement of the settlement agreement. Namely, he sought an order from the trial court directing county officials to "correct" the tax roll for the 2010 and 2011 lien dates to reflect the agreed-upon 2009 lien date value of $25,000, plus the statutorily required inflation factor, and to refund the excess tax Ellis had paid for the 2010 tax year. The County and the AAB opposed the motion, arguing the agreed-upon value was applicable only in the 2009 tax year. The trial court denied Ellis's motion, concluding the agreement and counsels' declarations "d[id] not support a finding the parties agreed to use the 2009 valuation [of $25,000] prospectively thereafter."

When his attempts to enforce the settlement agreement failed, Ellis filed an application with the AAB to reduce the assessment for his 2010 property taxes. He designated the application, which was filed November 29, 2012, as a claim for a tax refund, and he indicated his challenge was premised on the base year value being incorrect and there having been no new construction as of the 2010 lien date. By the time Ellis filed his application, construction of the garage had been deemed complete and a supplemental assessment had been issued. He also received a regular assessment as of the 2012 lien date.

In July 2013, the AAB heard Ellis's appeal of his 2010 tax assessment. The assessor argued that neither the agreed-upon amount nor the amount entered for the 2010 tax roll were " 'base year value[s],' " and that Ellis's appeal was time-barred because it was not filed on or before November 30, 2010. Ellis argued the $25,000 agreed-upon amount was the " 'base year value,' " that it had to be applied in subsequent years until more construction was completed, and that his appeal was timely filed within four years

of the base value being entered on the tax roll. The AAB determined Ellis's appeal was not timely filed, and that it therefore lacked jurisdiction to hear the appeal.

In March 2014, Ellis petitioned the trial court seeking a traditional or administrative writ of mandate, refund of his property taxes, and declaratory relief. In his subsequently amended petition and complaint, Ellis claimed the AAB's decision was arbitrary, in excess of its discretion, and violated the law because the AAB erroneously concluded that neither the $25,000 amount nor the $117,600 amount was the "base year value" for the incomplete garage; the AAB did not address his contention that there was no time limit to his appeal; and the decision is based on erroneous assumptions and misguided applications of law. Ellis specifically sought orders from the trial court determining and declaring that the settlement amount was a base year value to be applied in subsequent years absent completion of additional construction, and that the 2010 assessment was also a base year value which could be challenged within four years and that could be corrected at any time; directing the AAB to rescind its findings of fact in Ellis's appeal of the 2010 tax assessment; directing the assessor to enter corrected values on the tax roll as of the 2010 lien date; directing the auditor to issue a refund of property taxes for the 2010 and subsequent tax years; and declaring that Ellis is entitled to damages and attorney fees.

The County, the AAB, the assessor, and the auditor-controller demurred to Ellis's petition and complaint, contending Ellis failed to state a cause of action because he had an adequate remedy at law; his action is barred by the prohibition against writ relief codified in Revenue and Taxation Code section 4807;[2] he alleged facts that would bar his recovery; his action is time-barred; he had not exhausted his administrative remedies; his claim was barred by res judicata or collateral estoppel; and the assessor and auditor-

---

[2] Undesignated statutory references are to the Revenue and Taxation Code.

4

controller were not properly joined as parties pursuant to Code of Civil Procedure section 430.10, subdivision (d). Ellis opposed the demurrer.

The trial court ruled that, though dubbed a petition for mandamus and complaint, the entire pleading was actually a petition for writ of mandamus "to have the 2009 tax year settlement amount established as the base year value for all future tax years." The trial court further ruled that "as the 2012 deemed completion was used to establish the base tax year, this in turn started the running of the four year statute of limitations to file an appeal with the [AAB] or challenge this determination pursuant to Revenue [and] Taxation Code Section 80[, subdivision] (a)(3)." Thus, the trial court found that Ellis had not exhausted his administrative remedies, and that he had an adequate remedy at law. Finally, the trial court ruled that to the extent the pleading could be construed as a complaint, it was barred by res judicata or collateral estoppel because the trial court's previous denial of Ellis's motion to enforce the settlement agreement "amounted to a determination of the merits of the same legal arguments raised [here.]" Therefore, the trial court sustained the demurrer without leave to amend, and subsequently entered a judgment of dismissal.

**DISCUSSION**

The County, AAB, assessor, and auditor-controller contend the trial court properly dismissed the action because Ellis's claims are time-barred because they do not challenge a "base year value," are barred by the principles of collateral estoppel or res judicata, are barred by Ellis's failure to exhaust his administrative remedies, the assessor and auditor-controller are improperly joined as parties, and section 4807 precludes writ relief. Ellis contends the assessed value of $117,600 as of the 2010 lien date is "base year value" that he timely challenged as improper because the annual increase from the 2009 assessment exceeded the statutorily limited inflation factor, that his claims are not barred by res judicata or collateral estoppel, that he did exhaust his administrative remedies by

5

appealing the 2010 assessment to the AAB, that all parties were properly joined, and that writ relief is appropriate. He also contends he is entitled to attorney fees.

We conclude the trial court properly sustained the demurrer because neither the AAB, the County, the assessor, the auditor-controller, nor the trial court can effectively give Ellis the relief he is seeking despite his procedurally timely appeal of the 2010 base year value assessment because his timely appeal would only entitle him to request a refund for tax years 2012 and thereafter, and even if entitled to a reduction in the 2010 tax assessment, it would have had no effect because the 2010 base year value was superseded by subsequent assessments in 2011 and 2012 while construction was yet incomplete. In light of these conclusions we do not reach the contentions regarding the preclusive effect of the trial court's prior ruling, whether the assessor and auditor-controller were properly joined as parties, or whether section 4807 precludes writ relief. We do, however, conclude Ellis is not entitled to attorney fees.

## I. Standard of Review

In reviewing a judgment based on a demurrer, we accept well pleaded facts, but not adjectival descriptions or legal conclusions, to determine whether a cause of action exists. (See *Blank v. Kirwin* (1985) 39 Cal.3d 311, 318; *Smyth v. USAA Property & Casualty Ins. Co.* (1992) 5 Cal.App.4th 1470, 1473.) We take as true "the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken" (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111) and ignore "deductions or conclusions of law" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967). "The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.' " (*Aubry*, *supra*, at p. 967.)

6

## II. Statutory Challenge Deadlines

The Revenue and Taxation Code contains separate provisions authorizing a taxpayer to challenge an assessor's determination of (1) base year value, and (2) an assessment for any particular tax year. To challenge a given year's assessment, the taxpayer must apply for a reduction to the county assessment appeals board or county board of equalization during a specified time period, generally in the same year in which the assessment is made. (§§ 80, 1603 et seq.; see *Metropolitan Culinary Services, Inc. v. County of Los Angeles* (1998) 61 Cal.App.4th 935, 941, fn. 7 (*Metropolitan*.) As Ellis did not apply for a reduction of his 2010 taxes until 2012, he obviously did not comply with this statutory deadline.

However, where the challenge addresses not a particular year's assessment, but a base year value determination, the challenge must instead comply with the time periods set forth in sections 51.5 and 80. Where the challenge is based on an error involving an exercise of the assessor's judgment as to value where the value is determined pursuant to a purchase, change in ownership, or new construction, the error may be corrected within four years after July 1 of the year in which the base year value was established. (§ 51.5, subd. (b).) If the challenge involves an error that *does not* involve an exercise of the assessor's judgment as to value, the correction may be made in any assessment year in which the error or omission was discovered. (§ 51.5, subd. (a).) For a taxpayer to seek a reduction in the base year value where the base year value is determined pursuant to section 110.1, subdivision (a)(2) (i.e., based on a purchase, change of ownership, or new construction), he must apply to the appropriate county board in the equalization period in the year of the assessment or in any of the three succeeding years. (§ 80, subd. (a)(3).) Thus, if Ellis's November 2012 application for a reduction was a challenge of a base year value determination, it was timely filed.

### III.  Base Year Value Determination

Therefore, we turn to whether the value indicated in the 2010 property tax assessment of the partially constructed garage was a "base year value."  The County argues it was a regular assessment and that no base year value is assessed until the construction is complete.  Ellis contends it is a base year value pursuant to section 110.1.  On this point, we agree with Ellis.

Section 110.1, subdivision (a) provides that, for purposes of Proposition 13, " 'full cash value' of real property . . . means the fair market value . . . for either of the following:  [¶]  (1) [t]he 1975 lien date [or]  [¶]  (2) [f]or property which is purchased, is newly constructed, or changes ownership after the 1975 lien date, either of the following:  [¶]  (A) [t]he date on which a purchase or change in ownership occurs [or]  [¶]  (B) [t]he date on which new construction is completed, and if uncompleted, on the lien date."  The value determined pursuant to section 110.1, subdivision (a) is the "base year value for the property."  (§ 110.1, subd. (b).)  According to the plain statutory language of section 110.1, it is clear that when the assessor determines the value of partially completed construction as of the lien date, that value is also a "base year value."  Therefore, we must conclude Ellis's appeal challenging the value established by the assessor as of the 2010 lien date for the partially completed construction of the garage as of that lien date was an appeal challenging a base year value.

We acknowledge this holding is contrary to the guidance provided by the State Board of Equalization in the Assessor's Handbook, which states, without reference to statutory or regulatory authority, that "[p]artially completed new construction does not acquire a base year value.  Instead, new construction in progress on any lien date is assessed, in effect, as a separate appraisal unit at its market value on that date, and on each successive lien date until it is completed.  Upon completion, the entire portion of the property which is newly constructed is reappraised at its market value, and acquires its

own base year value." (Bd. of Equalization, Assessors' Handbook, Section 502, Advanced Appraisal (Jan. 2015) p. 131.) An agency's interpretation of its own regulations merits due deference; nonetheless the ultimate interpretation and legality of a statute or regulation are questions of law for courts to resolve. (*Pope v. State Bd. of Equalization* (1983) 146 Cal.App.3d 1132, 1137.) For, though the Assessors' Handbook " 'is considered an authoritative expression of official State Board staff opinions and given weight by the courts' " (*Seibold v. County of Los Angeles* (2015) 240 Cal.App.4th 674, 686, fn. 6), it " 'do[es] not possess the force of law' " (*SHC Half Moon Bay, LLC v. County of San Mateo* (2014) 226 Cal.App.4th 471, 485).

Additionally, our conclusion that the assessment of the partially completed construction as of the 2010 lien date was a base year value does not, contrary to Ellis's contention, necessarily mean that value had to be used in each subsequent year subject only to inflationary adjustment until construction was complete. Rather, it is clear that where construction is not complete as of the lien date, the "[n]ew construction in progress on the lien date shall be appraised at its full value on such date *and each lien date thereafter* until the date of completion, at which time the entire portion of property which is newly constructed shall be reappraised at its full value." (§ 71, italics added; Cal. Code Regs., tit. 18, § 463, subd. (d); see 11 Cal. Real Estate Law & Practice (2015) Real Property Valuation and Assessment, ch. 401.04, pp. 401-57 to 401-58 (rel. 99- 10/12).) Contrary to Ellis's assertion, there does not appear to be any exclusion where the construction in progress has been stalled so that no additional work has been done since the prior lien date but construction is still incomplete.

## IV. No Entitlement to Relief Sought

Moreover, just because his appeal was timely filed, does not mean Ellis is entitled to the relief he seeks. Section 80, subdivision (a)(5) provides that "[a]ny reduction in assessment made as a result of an appeal under this section shall apply for the assessment

9

year in which the appeal is taken and prospectively thereafter." If a taxpayer were to successfully show that a base year value was incorrect and had to be reduced, he would only be entitled to a retroactive reduction in the base year value for purposes of recalculating the current and prospective regular assessment based on that base year value. But, as noted above, because there was construction ongoing, the 2009 base year value was superseded by the 2010 assessment, which, in turn, was superseded by the 2011 assessment, which was superseded by the 2012 assessment, and finally by the 2012 supplemental assessment when construction was completed.

And, the assessment value would only be reduced for purposes of a refund of taxes in the year in which the application was filed and in succeeding tax years. (See, e.g., *Metropolitan*, *supra*, 61 Cal.App.4th at pp. 938, 947-948 [application for relief submitted in 1995-1996 tax year for error in 1992 base year value did not permit refund for 1992 through 1994 years]; *Osco Drug*, *Inc. v. County of Orange* (1990) 221 Cal.App.3d 189, 191-192, 194 [application for relief submitted in 1984 for error in 1981 base year value did not permit relief for 1981 through 1983 tax years; "while new 1981 base-year values were established, they did not affect any assessment prior to 1984"] (*Osco*).) This is true whether the appeal is made pursuant to section 80, subdivision (a)(3) or section 51.5. (§ 80, subd. (a)(5); see *Metropolitan*, *supra*, 61 Cal.App.4th at pp. 942, 948; *Sea World v. County of San Diego* (1994) 27 Cal.App.4th 1390, 1403.)

Here, Ellis did not file his application challenging the 2010 base year value and seeking a refund until 2012; thus, he would not be entitled to a refund of the taxes paid in 2010 or 2011. Therefore, he has failed to state a cause of action for refund of his taxes. To the extent his petition and complaint could be interpreted to contain a cause of action for a refund of taxes, the trial court properly sustained the demurrer as to that cause of action. And, to the extent he desires an order from the trial court or this court directing such a refund, he is not entitled to such relief as a matter of law. Nor is he entitled to a

10

reduction of his regular assessment in 2012, even if he correctly challenges the 2010 base year value, because there had been two interceding assessments of the partially completed construction in the meantime, neither of which was challenged in Ellis's appeal to the AAB. Therefore, because he is barred, as a matter of law, from obtaining the relief he sought, the trial court did not err in sustaining the demurrer to Ellis's petition and complaint.

Additionally, Ellis had an adequate remedy at law, which generally renders equitable actions for mandamus and declaratory relief unavailable to him. (*William Jefferson & Co., Inc. v. Orange County Assessment Appeals Bd. No. 2* (2014) 228 Cal.App.4th 1, 11; see *Pacific Gas & Electric Co. v. State Bd. of Equalization* (1980) 27 Cal.3d 277, 283-284; *Schoderbek v. Carlson* (1980) 113 Cal.App.3d 1029, 1037-1038; *County of Sacramento v. Assessment Appeals Bd. No. 2* (1973) 32 Cal.App.3d 654, 672.) Ellis could have sought a refund of the 2010 taxes by appealing to the AAB in 2010. Similarly, he could have challenged his 2011 assessment in 2011 to seek a refund of his 2011 taxes. However, he cannot, by appealing to the AAB in 2012 obtain a refund of his 2010 or 2011 taxes, whether by decision of the AAB, the trial court, or this court. (§ 80, subd. (a)(5); *Metropolitan*, *supra*, 61 Cal.App.4th at pp. 938, 947-948; *Osco*, *supra*, 221 Cal.App.3d at pp. 191-192, 194.) That he failed to timely avail himself of that legal remedy does not render it inadequate. (*Nast v. State Bd. of Equalization* (1996) 46 Cal.App.4th 343, 348.)

### V. Attorney Fees

Finally, Ellis contends he is entitled to an award of attorney fees pursuant to section 5152. That section provides in relevant part that "[i]n an action in which the recovery of taxes is allowed by the court, if the court finds that the void assessment or void portion of the assessment was made in violation of a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the

board, and the assessor should have followed the procedures set forth in Section 538 in lieu of making the assessment, the plaintiff shall be entitled to reasonable attorney's fees as costs in addition to the other allowable costs."  However, as we have not decided whether the assessment is void and as we have not permitted recovery of taxes, Ellis has not shown he is entitled to an award of attorney fees.

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


          BUTZ        , Acting P. J.


We concur:


     MAURO      , J.


     HOCH       , J.

12